UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Lewis Anthony Ingram,<br><br>Plaintiff,<br><br>v.<br><br>York County Detention Center, Sgt. Jenks, Sgt. Thompson, Captain Steven Kitchen,<br><br>Defendants. | C/A No. 8:26-cv-2584-MGL-WSB<br><br>**<u>REPORT AND RECOMMENDATION</u>** |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights against the above-named Defendants. Plaintiff is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") and is presently incarcerated at the Kirkland Correctional Institution ("Kirkland"). The events giving rise to the claims, however, occurred at the York County Detention Center (the "Detention Center"). Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in cases filed under § 1983 and submit findings and recommendations to the district court. For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

### Factual Allegations

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief under 42 U.S.C. § 1983. ECF No. 1. Plaintiff contends his Eighth Amendment rights were violated because he was deprived of his personal property, including a gold bracelet, two gold necklaces, a gold watch, and shoes. *Id.* at 5. Plaintiff alleges Defendants have failed to release

the personal property to his brother, Fred Ingram, despite Plaintiff signing a release of property form on May 12, 2026. *Id.* Plaintiff alleges he was arrested in Rock Hill on January 30, 2026, and booked into the York County Detention Center. *Id.* at 6. Plaintiff contends that his "brother was deprived my personal property." *Id.* For his injuries, Plaintiff contends he suffered from PTSD, mental anguish, pain and physical stress, and mental embarrassment. *Id.* at 8. For relief, Plaintiff seeks money damages in the amount of $50,000. *Id.*

## <u>STANDARD OF REVIEW</u>

### Screening and Liberal Construction of *Pro se* Pleadings

Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and he "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). This statute charges the Court with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Plaintiff has also requested leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, which authorizes this Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include

claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court's duty to liberally construe a *pro se* litigant's complaint does not require the Court "to remove [it's] heavy robe . . . and take on the role of the litigant's attorney." *Jackson v. Dameron*, 171 F. 4th 641, 652 (4th Cir. 2026). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in his pleadings, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

**Claims under 42 U.S.C. § 1983**

The Complaint is filed pursuant to § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"

*Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

## ANALYSIS

This action is subject to summary dismissal for the reasons below.

**Defendants Entitled to Dismissal**

The Defendants named in this action are entitled to summary dismissal because they are not proper parties or because Plaintiff has failed to allege facts against them to state a claim for relief that is plausible.

***The Detention Center***

Plaintiff lists the Detention Center as a Defendant. ECF No. 1 at 2. It is well settled that the Detention Center is not a "person" subject to suit under § 1983. Only persons may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a person. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (noting that for purposes of § 1983, a person includes individuals and bodies politic and corporate). Courts have consistently held that inanimate objects such as buildings, facilities, and grounds are not considered a person and do not act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-cv-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"). In this case, Plaintiff names as a Defendant the Detention Center, which is a facility used primarily to house inmates. The "Detention Center is not a 'person' amenable to suit under 42 U.S.C. § 1983." *McCullum v. Florence Cnty. Det. Ctr.*, C/A No. 1:13-cv-0006-JFA-SVH, 2013 WL 3929817, at *1 (D.S.C. July 29, 2013); *see also Charles v. Johnson*, C/A No. 8:18-cv-0854-RMG, 2018 WL 4469248, at *2 (D.S.C. Sept. 18, 2018) (noting the Florence County Detention Center was subject to summary dismissal because it is not a person subject to suit under § 1983).

***The Individual Defendants***

Plaintiff names three individuals—Captain Steven Kitchen ("Kitchen"), Sgt. Jenks ("Jenks"), and Sgt. Thompson ("Thompson"). ECF No. 1 at 4. Although Plaintiff lists these three individuals in the caption of the Complaint, Plaintiff does not provide any explanation as to what role they played in the alleged conduct against Plaintiff, with the exception of Kitchen.

As to Kitchen, Plaintiff alleges only that Kitchen is "the Captain of Administration" and did not reply or response to Plaintiff's written grievances. ECF No. 1 at 11. Because Plaintiff makes no factual allegations of the individual Defendants' personal involvement in the alleged violation of Plaintiff's rights, they are all entitled to summary dismissal. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Cir. Ct. of City of Hampton*, C/A No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading). The individuals named as Defendants are entitled to dismissal because Plaintiff has failed to allege facts showing their personal participation in any of the events described in the Complaint. *See Rutherford v. Haynes*, C/A No. 7:24-cv-00374, 2025 WL 2600051, at *1 (W.D. Va. Sept. 8, 2025) (finding the complaint was subject to dismissal where it failed to allege the personal involvement of the named defendants in the alleged violations of the plaintiff's constitutional rights). Other than naming Defendants in the caption, the Complaint does not include any allegations to suggest the personal involvement of the Defendants in the alleged violation of Plaintiff's constitutional rights. *See Rivera v. Robinson*, C/A No. 8:24-cv-5292-SAL-WSB, 2024 WL 4958206, at *5 (D.S.C. Oct. 4, 2024) ("Although Defendants are named in the caption of the Complaint, Plaintiff makes no allegations against them in the body of the Complaint . . ."), *R&R adopted by* 2024 WL 4957982 (D.S.C. Dec. 3, 2024).

***No Supervisory Liability***

As to Kitchen, to the extent Plaintiff is alleging that Kitchen is responsible on a theory of supervisory liability as the "Captain of Administration," any such claim fails. To state a § 1983 claim for supervisory liability, a plaintiff must allege:

> (1) that the supervisor had actual or constructive knowledge that [his or her] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). A plaintiff's burden of establishing supervisory liability through deliberate indifference is heavy, and he cannot satisfy that burden by "'pointing to a single incident or isolated incidents, for a supervisor cannot be expected to promulgate rules and procedures covering every conceivable occurrence within the area of his responsibilities.'" *McCall v. Williams*, 52 F. Supp. 2d 611, 622 (D.S.C. 1999) (citation omitted).

Plaintiff has not alleged facts to establish supervisory liability as to any Defendant named in this action. *Singletary v. Stirling*, C/A No. 9:24-cv-03132-JDA-MHC, 2024 WL 4873734, at *2–3 (D.S.C. Sept. 26, 2024) (evaluating claim of supervisory liability), *R&R adopted by* 2024 WL 4869881 (D.S.C. Nov. 22, 2024). Plaintiff has failed to identify an affirmative causal link between his alleged injuries or the conduct of Kitchen (or any individual Defendant) and any supervisor's failure to act. Plaintiff's "bare legal conclusion is inadequate to establish the 'affirmative causal link' needed to create an exception to supervisory liability under § 1983." *Lyles v. McMaster*, C/A No. 4:22-cv-3572-SAL-TER, 2023 WL 8231223, at *3 (D.S.C. Nov. 28, 2023), *appeal dismissed*, No. 23-7229, 2024 WL 1636469 (4th Cir. Apr. 16, 2024). Allegations that

"merely repeat the elements of a supervisory liability claim without providing specific facts that explain how the defendants are responsible for [the] conduct" of the corrections officers responsible for Plaintiff's injuries are insufficient to establish a claim for relief. *Huneycutt v. Chernyak*, C/A No. 0:22-cv-1532-BHH-PJG, 2024 WL 3326352, at *4 (D.S.C. Jan. 17, 2024), *R&R adopted by* 2024 WL 2932897 (D.S.C. June 11, 2024). Simply put, there are no allegations which would support a claim based upon supervisory liability. *Sharpe v. Hollister*, C/A No. 2:18-cv-02965-DCC-MGB, 2019 WL 2090854, at *3 (D.S.C. Feb. 25, 2019), *R&R adopted by* 2019 WL 2089512 (D.S.C. May 13, 2019).

**Failure to State a Claim**

Plaintiff has failed to state a claim for relief that is cognizable for the reasons below.

***Insufficient Allegations***

Plaintiff's allegations fail to state a claim for relief as he does nothing more than present conclusory allegations and legal conclusions. *Est. of Green v. City of Annapolis*, 696 F. Supp. 3d 130, 166 (D. Md. 2023) ("The presence, however, of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support a finding of deliberate indifference."). Plaintiff must allege more than mere cursory assertions to state a plausible claim for relief. *See Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)). "Plaintiff's cursory allegations fail to state an actionable § 1983 claim . . ." *Branch v. Anderson Cnty. Det. Ctr.*, C/A No. 2:24-cv-00851-JFA-MGB, 2024 WL 4981587, at *4 (D.S.C. Oct. 18, 2024), *R&R adopted by* 2024 WL 4973401 (D.S.C. Dec. 4, 2024); *see also Hamilton v. United States*, C/A No. 2:20-cv-1666-RMG-MHC,

2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020) (finding claims frivolous where, other than naming defendants in the caption of her complaint, plaintiff failed to include sufficiently clear allegations of any personal conduct or wrongdoing in connection with the alleged federal violations), *R&R adopted by* 2020 WL 5939235 (D.S.C. Oct. 7, 2020); *Garner v. Cohen*, C/A No. 2:16-cv-561-TLW-MGB, 2016 WL 9175627, at *4 (D.S.C. Sept. 1, 2016) (finding the complaint's "vague references to [*pro se*] Plaintiff's rights being violated, absent any specific facts or allegations against the Defendants, [were] wholly insufficient to state any sort of plausible claim"), *R&R adopted by* 2017 WL 2645754 (D.S.C. June 20, 2017); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining that a *pro se* plaintiff "must meet certain minimum standards of . . . specificity" in filing a complaint).

***Deprivations of Property***

The nature of Plaintiff's claim—i.e., the deprivation of his personal property—is not cognizable under § 1983. Deprivations of personal property generally do not support actions for damages under § 1983. *See Baker v. Stevenson*, C/A No. 8:13-cv-466-JFA-JDA, 2013 WL 4866337, at *1 (D.S.C. Sept. 11, 2013). This is so because negligence, in general, is not actionable under § 1983. *See Pink v. Lester*, 52 F.3d 73, 75–78 (4th Cir. 1995); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987). Section 1983 does not impose liability for violations of duties of care arising under state law as "[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989). The United States Court of Appeals for the Fourth Circuit has held that a random and unauthorized deprivation of personal property by a state official does not rise to a federal due process violation where the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss. *See*

*Mora v. City of Gaithersburg*, 519 F.3d 216, 230–31 (4th Cir. 2008); *Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005). Instead, the availability of a state cause of action for an alleged loss of property provides adequate procedural due process; in other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See Yates v. Jamison*, 782 F.2d 1182, 1184 (4th Cir. 1986) ("[A] government official's random and unauthorized act, whether intentional or negligent, which causes the loss of private property is not a violation of procedural due process when the state provides a meaningful post-deprivation remedy.").

South Carolina law provides post-deprivation procedures to secure the return of personal property or to compensate for the loss. *See, e.g.*, *Drake v. Brown*, C/A No. 6:09-cv-1449-JFA-WMC, 2009 WL 1749375, at *2 (D.S.C. June 22, 2009) (citing *McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (finding South Carolina's post-deprivation remedy under S.C. Code Ann. § 15-69-10, *et seq.* sufficient to satisfy due process requirements)); *see also Mosley v. Scarcella*, C/A No. 1:19-cv-1550-RMG-SVH, 2019 WL 4280129, at *2 (D.S.C. June 19, 2019), *R&R adopted by* 2019 WL 3406612 (D.S.C. July 29, 2019). Further, an unauthorized deprivation of property by a state employee, even if *intentional*, "does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available." *Hammond v. Dean*, C/A No. 3:07-cv-654-SB, 2007 WL 3002362, at *2 (D.S.C. Oct. 9, 2007) (citing *Hudson v. Palmer*, 468 U.S. 517 (1984)). Thus, even if Plaintiff could show that Defendants unlawfully took Plaintiff's property, Plaintiff has a remedy under South Carolina law to obtain relief in state court. *See Hudson*, 468 U.S. at 530–36 (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); *Mora*, 519 F.3d at 230–31 (finding that the state courts were open to the plaintiff for claims of conversion or trespass to chattels and finding no reason to think that the state process was constitutionally inadequate);

*Samuel v. Ozmint*, C/A No. 3:07-cv-178-PMD-JRM, 2008 WL 512736, at *7 (D.S.C. Feb. 25, 2008) (noting that claims related to taking of personal property are cognizable under South Carolina state law); *Greene v. Stonebreaker*, C/A No. 9:06-cv-3392-PMD-GCK, 2007 WL 2288123, at *6 (D.S.C. Aug. 6, 2007) (noting that a person in South Carolina appears to have adequate post-deprivation remedies for personal property loss). Because Plaintiff can bring an action in the South Carolina state courts to remedy the loss of his property, any § 1983 claims based on the deprivation of the property fails to state a claim upon which relief may be granted.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that this action be **DISMISSED** without leave to amend and without issuance and service of process.[1]

[1] The dismissal should be without leave to amend, rendering the dismissal final and appealable, because any attempt to cure the deficiencies in the complaint would be futile for the reasons stated herein. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) ("[W]hen a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable."); *see also Bing v. Brivo Sys. LLC*, 959 F.3d 605 (4th Cir. 2020). The Court recognizes that, under Federal Rule of Civil Procedure 15(a), a plaintiff generally has a right to amend the complaint once as a matter of course before a responsive pleading has been filed. *See Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010). However, it has been recognized in this District that the pre-screening authority of 28 U.S.C. §§ 1915 and 1915A "allows the court to exercise a great deal of control over the claims of a plaintiff who is proceeding [*in forma pauperis*] and the court may at any time pre-screen and dismiss claims that are frivolous or fail to state a claim" without leave to amend. *Wells v. SCDF Emps.*, C/A No. 2:13-cv-3061-TMC-BHH, 2014 WL 346520, at *1 n.1 (D.S.C. Jan. 28, 2014). This approach has also been adopted by other District Courts within the Fourth Circuit. *See, e.g., Rutledge v. Town of Chatham*, C/A No. 4:10-cv-00035, 2010 WL 4791840, at *6 (W.D. Va. Nov. 18, 2010) (distinguished the holding in *Galustian* because the plaintiff was proceeding *in forma pauperis* and finding he did not have a right to amend as a matter of course under Rule 15) (collecting cases), *aff'd*, 414 F. App'x 568 (4th Cir. 2011); *Bartlett v. Harviel*, C/A No. 1:00-cv-241, 2002 WL 32574862, at *5 (M.D.N.C. Feb. 26, 2002) (finding the "court is permitted to deny a proposed amendment that is futile" by a *pro se* prisoner proceeding *in forma pauperis* despite the amendment provisions of Rule 15(a) because "all federal courts have been admonished by Congress to dismiss a case" that meets one of the criteria under the prescreening provisions of 28 U.S.C. §§ 1915 or 1915A)), *aff'd*, 45 F. App'x 269 (4th Cir. 2002); *Weakley v. Homeland Sec. Sols., Inc*, C/A No. 3:14-cv-785-REP-RCY, 2015 WL 11112158, at *4 (E.D. Va. May 19, 2015) ("[W]here a party is proceeding *in forma pauperis*, the Court may "prescreen" and "block futile claims.") (collecting cases within the Fourth Circuit),

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

July 28, 2026
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

---

*R&R adopted by* 2015 WL 11112159 (E.D. Va. June 16, 2015), *aff'd*, 622 F. App'x 253 (4th Cir. 2015).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).